ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **CARLOS RODRÍGUEZ MORALES** RECURRENTE(S) <br><br> **V.** <br><br> **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** RECURRIDA(S) | **TA2025RA00423** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente de la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** <br><br> Caso Núm. **ICG-680-2025** <br><br> Sobre: Bonificación |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 23 de enero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **CARLOS RODRÍGUEZ MORALES** (señor **RODRÍGUEZ MORALES**) mediante *Moción en Solicitud de Auxilio* entablada el 15 de diciembre de 2025. En su recurso, nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* (*Respuesta*) decretada 3 de septiembre de 2025 por la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.[1] Mediante la aludida *Respuesta*, en lo pertinente, se dispuso: "Se aneja con la *Respuesta de Remedio Administrativo* una copia fiel y exacta de la

---

[1] Dicho dictamen administrativo fue notificado el 4 de septiembre de 2025. Apéndice de la *Moción en Solicitud de Auxilio*, entradas núm. 1 y 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA). **En futuras ocasiones, el Departamento de Corrección y Rehabilitación (DCR) deberá suministrar la *Solicitud para Declaración de Indigencia* [Formulario OAT 1480 Rev. Septiembre 2025] para que la parte promovente pueda cumplimentar la misma y sea certificada en presencia de los funcionarios autorizados en la agencia. Plan de Reorganización de Corrección, Plan de Reorganización Núm. 2-2011, 3 LPRA Ap. XVIII, Artículo 7 (11).**

*Respuesta* emitida por el área concernida a su "Solicitud de Remedio Administrativo".

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente despacho.[2] En consideración a lo anterior, procedemos a disponer sin requerir ulterior trámite.

- I -

El señor **RODRÍGUEZ MORALES,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en la Institución Correccional Guerrero en Aguadilla. Ello por los delitos de tentativa del Art. 189 (robo) del Código Penal de Puerto Rico de 2012 y Art. 5.05 de la *Ley de Armas de Puerto Rico*, conocida como la Ley Núm. 404 de 11 de septiembre de 2000, según enmendada.[3]

El señor **RODRÍGUEZ MORALES** presentó una *Solicitud de Remedio Administrativo* ante la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** a la cual se le asignó el número: **ICG-680-2025**.

El 3 de septiembre de 2025, se pronunció la *Respuesta al Miembro de la Población Correccional* recurrida acompañada de una *Respuesta del Área Concernida/Superintendente*. En esta última, expresamente se hizo constar: "[...] se desprende de su expediente a usted se le aplicó la Ley 85 la cual dispone que se liquidar[á] la sentencia más alta primero y se le aplicará el mínimo a esa sentencia solamente, es por eso que la Ley de Armas se liquidó última y sin mínimo, la cual se le considerará para un pr[i]vilegio al terminar el mínimo de esa primera sentencia. La hoja de control sobre liquidación de

---

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 15-17, 215 DPR ____ (2025)
[3] Apéndice de la *Moción en Solicitud de Auxilio*, entradas núm. 5-8 y 10-11 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

sentencia anterior queda sin efecto". Esta *Respuesta* fue notificada el 4 de septiembre de 2025.

En desacuerdo con dicha providencia, el 15 de diciembre de 2025, el señor **RODRÍGUEZ MORALES** acudió ante este foro revisor mediante *Moción en Solicitud de Auxilio.* En su *Moción en Solicitud de Auxilio,* el señor **RODRÍGUEZ MORALES** no hizo relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; ni señalamiento breve y conciso del error o de los errores que a su juicio cometió el organismo, agencia o funcionario, así como tampoco una discusión del error o de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.[4]

- II -

-- A – *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[5] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[6]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[7] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[8]

---

[4] No surge que se haya presentado escrito alguno sobre reconsideración.

[5] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).

[6] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).

[7] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).

[8] *FCPR v. ELA et al., supra*; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*; *Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[9]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*.[10] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[11]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[12]

- III -

El señor **RODRÍGUEZ MORALES** sustancialmente puntea que la **DIVISIÓN DE REMEDIOS ADMINISTRATIVOS DEL DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** se equivocó y le está violentando sus

---

[9] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[10] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[11] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra*.

[12] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115-116, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"* y *"(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente"*.

bonificaciones por estudios y trabajo conforme a la Ley Núm. 85 de 11 de octubre de 2022.[13]

En el caso de marras, el señor **RODRÍGUEZ MORALES** ostentaba un lapso de treinta (30) días, a partir de la notificación de la *Respuesta al Miembro de la Población Correccional*, para comparecer ante este Tribunal de Apelaciones. Dicho fallo administrativo fue notificado el 4 de septiembre de 2025.[14] Dado esto, debió encausar su recurso apelativo en o antes del día 6 de octubre de 2025. Por consiguiente, es evidente que el señor **RODRÍGUEZ MORALES** se personó ante nos fuera del término *jurisdiccional* de treinta (30) días asentado por el Reglamento del Tribunal de Apelaciones. Esta tardanza nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). Dada esta situación, procede la *desestimación* de la *Moción en Solicitud de Auxilio* promovida por el señor **CARLOS RODRÍGUEZ MORALES** debido a la falta de *jurisdicción* e incumplimiento craso de la Regla 59 del Reglamento del Tribunal de Apelaciones sobre el contenido del recurso de revisión.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por falta de *jurisdicción,* la *Moción en Solicitud de Auxilio* incoada el 15 de diciembre de 2025 por el señor **CARLOS RODRÍGUEZ MORALES**; y ordenamos el cierre y archivo del presente caso[15].

**Notifíquese inmediatamente a las partes: señor CARLOS RODRÍGUEZ MORALES y el DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR).**

---

[13] La Ley Núm. 85 de 11 de octubre de 2022, enmendó el Artículo 3 de la *Ley de la Junta de Libertad Bajo Palabra*, 4 LPRA § 1503; también, enmendó el Artículo 308 del Código Penal de Puerto Rico de 2012, conocida como la Ley 146-2012, 33 LPRA §5416. Ello con el propósito de disponer los términos para cualificar para la consideración ante la Junta de Libertad Bajo Palabra.

[14] Apéndice de la *Moción en Solicitud de Auxilio*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

[15] Véase la Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 115-117, 215 DPR ____ (2025).

**Notifíquese al(a la) señor(a) Carlos Rodríguez Morales quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación (DCR): Institución Correccional Guerrero P. O. Box 3999 Edif. 6-C-2 Aguadilla, PR 00605 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones